SAMUEL M. DICKINSON

*v.*

THE INHABITANTS OF THE CITY OF TRENTON.

1. Where, on a bill to remove cloud from title, arising from a municipal assessment and sale thereunder, it was averred merely that the city was made a party to a suit for foreclosure of a mortgage on the premises, and a decree obtained therein, and the premises sold—*Held*, on demurrer, that such decree and proceedings do not bar the city from selling such premises under a valid assessment, where it is not alleged that such mortgage was prior to the assessment, or that the assessment was attacked or called in question in the foreclosure suit, or the city called on to redeem because the assessment may have been paramount to the mortgage.

2. A sale under a decree obtained in this court cannot be attacked collaterally by setting up that the solicitor who acknowledged service of the subpœna on the party affected by it in the suit in which the decree was made had no authority to do so, nor that the ticket accompanying the subpœna did not apprise such party of the ground on which he was made defendant to the suit.

Bill to remove cloud from title.  On demurrer and plea.

*Mr. W. L. Dayton,* for defendants.

*Mr. S. M. Dickinson, in pro. pers.*

THE CHANCELLOR.

The bill is filed to remove a cloud from title.  Its object is to obtain a decree declaring null a certain assessment made by the city of Trenton, under its charter, upon the complainant's land there, for a municipal improvement, and a sale made thereunder to the city.  The bill alleges that the assessment and sale were illegal and invalid, and also that in 1876 a mortgage upon the property was foreclosed in this court, in a suit to which the city was a party defendant, and that by the decree in that suit the city was foreclosed of all title to the premises under the assessment.  The defendants have both demurred and pleaded.  By the plea they plead that the validity of the assessment has been

duly and conclusively established at law, and they plead also that they were not served with process of subpœna in the foreclosure suit, and that though service of subpœna, therein on them was acknowledged by a solicitor of this court, as "city solicitor" of Trenton, he had no authority to acknowledge such service; and further, that the ticket accompanying the subpœna did not mention the assessment, but only an inconsiderable tax which had been assessed upon the property. It is admitted by the complainant that the plea is good so far as the validity of the assessment and sale is concerned, irrespective of the bar of the decree in the foreclosure suit, and that the bill cannot be maintained except on the ground of that bar. To consider the claim of bar as made by the bill:

It does not appear by the bill that the defendants were made parties to the foreclosure suit with respect to the assessment in question. It does not appear that it was alleged in the bill that the mortgage was prior in date to the assessment, or that the assessment was attacked or called in question in any way whatever in the suit, but merely that the city was a defendant, and, by the terms of the decree, was foreclosed of all estate, right, title and interest in the mortgaged premises, when sold under the decree, and that the complainant in this suit was the purchaser of the property at the sheriff's sale under the decree. The averments of the bill in this respect are not sufficient to constitute any bar to the claim of the city under the assessment. Though the city was a defendant to the suit, yet if it was not called upon therein to answer as to the validity or lien of the assessment, or the validity of the sale under it, it is not barred by the decree. The object of the foreclosure suit was to foreclose the equity of redemption of the defendants in the property. But if the city had a title or claim paramount to the mortgage, it obviously was not embraced even in the terms of the barring clause of the decree; for it had no equity of redemption with respect to such claim, so far as the mortgage of the complainant in that suit was concerned, but as to such prior claim it was the complainant in the suit who had an equity to redeem it. Where a widow was made a party defendant to a bill for foreclosure, on other grounds than her

claim to dower in the mortgaged premises, it was held that her right to dower was not affected by the decree. *Wade* v. *Miller, 3 Vr. 296.* See, also, *Wilkins* v. *Kirkbride, 12 C. E. Gr. 93;* and *Lewis* v. *Smith, 9 N. Y. 502.* And where, in a suit at law, a decree in a suit in equity was relied upon as a defence, and it appeared, by comparison of the decree with the issue in the suit in which it was made, that that part of it on which the defendant's defence in the suit at law depended was outside of the issue, it was held that the decree was a nullity as to that part, although the plaintiff was a party to the suit. *Munday* v. *Vail, 5 Vr. 418.* To illustrate further : If, in a foreclosure suit brought on a second mortgage, the holder of a prior encumbrance is made a party, not with respect to that encumbrance, but of some other one subsequent to that of the complainant, and the prior encumbrance is not assailed or mentioned in the bill, it is obvious that he would not be barred of his claim under his prior encumbrance by the words of foreclosure and bar in the decree. Inasmuch as it does not appear, by the averments of the bill in this case, that the assessment or the sale under it was in anywise called in question in the foreclosure suit, or the city therein called on to redeem with respect to its claim under them, it does not appear that the decree is a bar. The averments of the bill on this head are therefore insufficient.

Nor would the plea have been good if the averments of the bill had been sufficient. If the solicitor by whom the service of subpœna was acknowledged was not authorized to do so, and if the ticket accompanying the subpœna did not mention the assessment or sale thereunder, the fact cannot avail the defendants as a bar to the claim of the complainant under the sheriff's deed. The decree is his protection against all irregularities in the proceedings up to the decree. The rule is laid down by the court of errors and appeals that the decision of a domestic court of general jurisdiction, acting within the scope of its powers, has inherent in it such conclusive force that it cannot be challenged collaterally, and it definitively binds all parties embraced in it,

unless on objection made to such court itself, or in a direct course of appellate procedure. *McCahill* v. *Equitable Life Assurance Soc., 11 C. E. Gr. 531.*