Shultz v. Sanders.

---

CHARLES S. SHULTZ

*v.*

FREDERICK SANDERS et al.

1. A suitor who seeks relief against an infant defendant, must prove his whole case. An infant is incapable of making a binding admission.

2. A purchaser at a judicial sale runs no risk in respect to the correctness of the legal principles on which the judgment under which he purchases is founded.

3. A reversal of the judgment under which a sale has been made subsequent to the passage of title, will not nullify or disturb the purchaser's title.

4. A purchaser at a judicial sale cannot be heard, on an application to be discharged from his contract, to impeach the decree under which he purchased.

Shultz *v.* Sanders.

On petition and affidavits.

*Mr. John C. Besson*, for complainant.

*Mr. Isaac S. Taylor*, for petitioners.

VAN FLEET, V. C.

The petitioners, Louis and Clara Eisberg, were the purchasers of the mortgaged premises sold under the decree made in this cause. They ask to be relieved from their contract. They say they bid for the mortgaged premises believing that, if they were struck off to them, they would acquire a title in fee simple absolute, but they have ascertained, since their purchase, that the suit is, in essential particulars, so defective that a good title cannot be made. And for this reason, they say they ought not to be compelled to carry out their contract.

The mortgage on which the suit is founded was made by Frederick Sanders and his wife to the complainant. It bears date December 31st, 1881, and provides that the money secured by it shall be paid December 31st, 1882. Its proviso contains this further condition, that if any tax or other governmental charge shall thereafter be imposed upon the mortgaged premises, and shall remain unpaid and in arrear for thirty days after the same becomes due and payable, that then, and in such case, the principal sum secured by the mortgage shall, at the option of the mortgagee, become immediately due and payable, although the period limited by the mortgage for its payment may not then have expired. The bill was filed on the 4th of March, 1882. It alleged that the principal of the mortgage had become due by a breach of the condition just stated, the allegation on that point being that a tax of $150, assessed against the mortgaged premises, fell due on the 15th day of January, 1882, and had, from that date up to the filing of the bill, remained unpaid and in arrear. The mortgagor and his wife were regularly brought into court. Subpœna was served on them personally, and duly returned March 28th, 1882, the day on which it was returnable. No further step was taken against the mortgagor up to the time

of his death.  He died intestate, on the 8th of August, 1882, leaving five infant children.  The suit was subsequently regularly revived against the heirs-at-law of the mortgagor, and guardians *ad litem* appointed for them, and on the 12th day of December, 1882, the usual interlocutory decree was made, directing a master to ascertain the truth of the allegations of the complainant's bill, and to report the amount due.  There is no proof accompanying the master's report, showing that the mortgage had become due prior to the institution of the suit; in other words, no proof appears to have been made, before the master, that a tax had been assessed against the mortgaged premises after the delivery of the mortgage, which had afterwards become due, and remained unpaid for thirty days prior to the filing of the bill.  Without such proof, the petitioners say no valid decree could be made against the infant defendants.

It is undoubtedly true, as a general rule, that a suitor who seeks relief against an infant defendant, must prove his whole case, and that nothing can be taken as admitted against him, either by his default, or on the answer of his guardian *ad litem*. *Mills* v. *Dennis, 3 Johns. Ch. 367;* *Holden* v. *Hearn, 1 Beav. 445*.  It may be that the decree in this case was made, as against the infant defendants, on insufficient proof, but, so long as the decree stands, it concludes both the subject-matter of the suit and the parties to the suit.  A court of general jurisdiction may misconstrue, misapply or plainly disobey the law, in pronouncing judgment, yet, so long as its judgment remains unreversed, it unalterably binds the parties and pronounces the law which defines and determines their rights in that particular case.  A purchaser of land sold pursuant to the decree of a court of general jurisdiction, assumes no responsibility for the correctness of the legal principles on which the decree is founded.  All he need do is to see that the court had jurisdiction of the parties and of the subject-matter of the suit, and that the decree pronounced was within the scope of the pleadings.  A record showing these facts must be accepted by every domestic tribunal as an indisputable verity.  Even a subsequent reversal of the decree will not affect him, for it is a principle of manifest justice, as

Shultz v. Sanders.

well as of established law, that rights acquired by a third person, in the enforcement of a decree of a court of general jurisdiction, shall endure, though the decree be afterwards reversed.   *Rorer on Jud. Sales* § *431.*   In such case, the injured party must look for redress to the person who got the money for the land, and not to the person who paid his money for the land under the sanction of a judicial sentence.   So great is the faith reposed in judicial records, that it has been held that a *bona fide* purchaser at a judicial sale is entitled to hold the land he has purchased and paid for, though the defendant had, before the sale, paid the debt on which the judgment was founded, but left the judgment to stand open and unsatisfied on the records.   *Nichols* v. *Disner, 5 Dutch. 293 ; S. C. on error, 2 Vr. 461.*

But this case presents no question for discussion.   The principle which must control its decision is authoritatively settled. Chief Justice Beasley, speaking for the court of errors and appeals, in *McCahill* v. *Equitable Life Assurance Society, 11 C. E. Gr. 531,* said :   " The decision of a domestic court of general jurisdiction, acting within the scope of its powers, has inherent in it such conclusive force that it cannot be challenged collaterally, and such decision definitely binds all parties embraced in it, unless, on objection made to such court itself, or in a direct course of appellate procedure.   *   *   *   Such judicial act may be voidable, but it is not void.   If even admittedly erroneous, such error cannot be set up against the decree in a collateral proceeding founded upon the decree."   The petitioners are not parties to this suit, and they cannot therefore challenge the decree by appeal.   If they attack it at all, they must do so collaterally, and this method of attack, it has been settled from the earliest times, is not open to them.

The petitioners, if they carry out their contract, will acquire a title which will unquestionably be valid and effectual against the infant defendants.   Their application must be denied, with costs.