WILLIAM S. BANTA et al., executors &c.,

*v.*

THE BOARD OF TRUSTEES OF SCHOOL DISTRICT NO. 3 &c.

A testatrix obtained a decree in a foreclosure suit, and the execution thereon was, by direction of her solicitor, returned unexecuted. After her death an *alias* execution was issued in her name, and, at the sheriff's sale, one of her executors bought the premises, taking the title in his own name for convenience, and in trust for the estate.—*Held,* that a deed executed by himself and his wife, and his co-executor, would transfer a good title to the premises.

---

Bill for specific performance. On final hearing on pleadings and statement of facts agreed upon by counsel.

*Mr. W. Brinkerhoff,* for complainants.

*Mr. A. I. Smith,* for defendants.

THE CHANCELLOR.

This suit is brought by William S. Banta and Joshua A. Clark, executors &c. of Maria Berry, deceased, and William S. Banta, individually, to compel performance by the defendants of an agreement for the sale of land in Hudson county, which they purchased of the complainants, through their agent, on the 23d of May, 1884. The defence is, that the complainants have no legal title to the land, and that if they have such title, it is bad in equity, because, as the defendants allege, they, being trustees, purchased the trust property at their own sale thereof.

The title to the property is held by Mr. Banta, who bought it at a sheriff's sale, under an execution issued out of this court on a decree for sale of the property under proceedings in foreclosure of a mortgage held by the testatrix, Maria Berry. He was one of her executors. The suit was begun by her and carried to decree and execution in her lifetime, but the execution was returned unexecuted by order of her solicitor. An *alias* was issued after her death without reviving the suit, and in her name as complainant. The property was sold under it and bought in by Mr. Banta for the executors, and the deed taken by him alone in his individual capacity, for convenience. The complainants have tendered to the defendants not only a deed from him, but another from him and his wife, and still another from him and Mr. Clark, as executors.

The defendants insist that the deed from the sheriff to Mr. Banta is void, because the *alias* execution, under which the property was sold to him, was issued in the name of Maria Berry after her death. The fact, however, does not appear upon the record, and in any suit brought by the mortgagor or his grantees, or any one claiming under him or them, to attack the title, it could not be shown. *Quod non apparet non est.* The title could not be thus attacked collaterally. *Nichols* v. *Disner, 5 Dutch. 293.* The issuing of the execution after Maria Berry's death without revivor was, at most, merely erroneous. *Howard* v. *Pitt, 1 Salk. 261; Day* v. *Sharp, 4 Whart. 339; Hughes* v. *Wilkin-*

*son, 37 Miss. 482; Darlington* v. *Speakman, 9 W. & S. 182.* The defendants in the foreclosure suit might have brought the matter to the knowledge of the court before the sale, had they seen fit to do so. But the consequence would have been an immediate amendment by substituting the name of the executors for that of the testatrix. I see no reason whatever for holding that where the execution in a foreclosure suit was issued in the name of the complainant, after his death, that ' fact is, of itself, sufficient ground for adjudging, and makes · it necessary to adjudge, that, for that reason alone, no title passes to the purchaser of the mortgaged premises at a sale under it. If it were so, what stranger would purchase at such a sale? He must, to warrant him in bidding, be assured not only that there is a valid decree, but that when the execution was issued the complainant was alive; not merely that he was believed to be living and that the record shows nothing to the contrary, but that he was so in fact. In an action *in personam,* if the plaintiff die after execution, and before the writ has been executed, the writ does not abate. In sales under foreclosure the execution is issued to execute the decree by sale of the particular property whereupon the lien has been established. The execution is, in fact, the order of the court empowering and directing the sheriff or master to sell that particular property. In partition the court issues no execution ; the master sells under the order for sale. If the court had jurisdiction, and was acting within the scope of its powers when it made the decree for foreclosure and sale, that will protect the purchaser. *McCahill* v. *Equitable Life Ins. Soc., 11 C. E. Gr. 531; Shultz* v. *Sanders, 11 Stew. Eq. 154.* In this case there was a formal order that the *alias* execution issue. The property was bought in at the sale by the executors (one of them acting for both) for the protection of the estate. The title is good as against the defendants in that suit, and all claiming under them.

The executors were at liberty to purchase at the sale, and, if it was necessary to do so, to protect the estate from loss by sacrifice of the property, it was their duty to do it. *Perry on Trusts* § *458.* When Mr. Banta thus bought in the property he held it in trust, in place of the mortgage security from foreclosure of

which it was derived, and it is to be treated accordingly. It was merely taking the thing pledged for payment of the debt into his hands instead of the debt, through the medium of a judicial sale under foreclosure proceedings. The legal title to the land was by the sale vested in him, and it was conveyed to him by the sheriff accordingly. He held it and still holds it in trust for the estate. He has power to sell and convey it. That power is not derived from the authority to sell given by the will. It is incident to the ownership of the land. To obviate all liability to question, on the ground of the existence of the trust on which he, in fact, holds the property, his co-executor and he, as executors, join in a deed to the defendants. And, in order to prevent all question as to her right of dower in the property, his wife joins with him in a deed to them.

There will be a decree that the defendants perform the agreement.