Mount *v.* Manhattan Co.

FANNIE E. MOUNT, administratrix of Andrew Mount, deceased,

*v.*

THE PRESIDENT AND DIRECTORS OF THE MANHATTAN
COMPANY.

1. A plea in equity, in order to constitute a bar to the complaiant's whole right of action, must aver every fact essential to make out a complete defence.

2. A decree adjudging a person a bankrupt is conclusive as to the fact adjudged, and cannot be impeached collaterally.

3. The fact that an assignee in bankruptcy has not recovered the property assigned, or realized its money value, within the time limited by the bankrupt law, does not give the bankrupt or his creditors a right to recover the property.

On motion to strike out plea.    Heard on notice, under rule 215 as amended.

*Mr. William H. Vredenburgh,* for motion.

*Mr. Flavel McGee, contra.*

VAN FLEET, V. C.

The complainant moves to strike out the plea filed by the defendants in this case on the ground that, as at present framed, it shows no defence. The rule to be applied in deciding the motion is settled. A plea in equity, in order to constitute a bar to the complainant's whole right of action, must aver every fact essential to make out a complete defence. *McEwen* v. *Broadhead, 3 Stock. 129 ; Davison's Exr.* v. *Johnson, 1 C. E. Gr. 112.*

The complainant sues as the administratrix of Andrew Mount. She grounds her action on rights vested in him at the time of his death. He died September 18th, 1877. The following summary presents with sufficient fullness all the material facts of the complainant's case. Andrew Mount, on the 31st of

Mount *v.* Manhattan Co.

December, 1873, executed a mortgage to the defendants to secure the payment of a bond made on the same day, conditioned for the payment of $75,000 on demand. The mortgage contained a clause giving the mortgagees the right, in case default should be made in the payment of the money secured by it, to take possession of the mortgaged premises and sell them at public auction, and to convey them, as the attorney in fact of the mortgagor, to the purchaser, and out of the proceeds of sale to retain their debt, together with the expenses of the sale, rendering the surplus to the mortgagor. The mortgagor paid $2,500 on the mortgage debt on the 24th of August, 1874. The mortgagees took possession of the mortgaged premises on the 12th day of December, 1879, and held them until the month of February following, when they sold and conveyed them for $125,000. The sum thus realized, together with the rents and profits with which the defendants are chargeable, greatly exceeds the sum which was due on the mortgage at the time of the sale. The object of this suit is to recover the balance due.

The defendants' plea avers that Andrew Mount, on the 14th of March, 1876, filed a petition in the United States district court for the district of New Jersey, asking to be adjudged a bankrupt, and that that court, subsequently, on the 13th of April, so adjudged him; that an assignee was, afterwards, on the 31st of May, 1876, chosen, and that the assignee accepted, and that an assignment was duly made to him on the 5th of June following. Three faults are imputed to this plea: first, that it does not show, by express averment, that the bankrupt had, in all things, complied with the bankrupt law; second, that it does not aver that the proceedings in bankruptcy have not been superseded; and third, that it does not show that the district court had jurisdiction to pronounce a valid decree, the objection being that the plea does not aver that Andrew Mount annexed to the petition, which he filed in the district court to procure an adjudication of bankruptcy, a schedule of his debts and an inventory of his assets, under oath, as required by sections 5014, 5015, 5016 and 5017 of the bankrupt law. *U. S. Rev. Stat. p. 975.*

The last two objections are founded on a misconstruction of the language of the plea. They are not true in fact. The plea, after alleging that an adjudication of bankruptcy had been made, and that an assignee had been appointed and had accepted, then avers, "which bankruptcy proceedings still remain, not in any way revoked, altered, or in any manner changed." I think it would be difficult to select language which would more aptly declare that the proceedings in bankruptcy had not been superseded. And the plea also alleges that the petitioner annexed schedules to the petition filed by him, showing his debts and also his assets, "which schedules," the plea avers, "were duly verified by the oath of the said Andrew Mount." It thus appears that two of the faults imputed to the plea have no foundation in fact.

But even if the plea was subject to each of the imperfections which the counsel of the complainant ascribes to it, I still think it would be the duty of the court to hold it to be sufficient. They are not faults of which the complainant can take advantage in this action, and it may be that she could never, in any proceeding, be heard to impeach the validity of the adjudication of bankruptcy of her intestate. He procured it; it was pronounced at his request, and upon his representation, under oath, as to what the facts were. For this reason, neither he nor his privies should, according to the general rule, be allowed to impeach it, even by a direct proceeding. United States district courts are courts of general jurisdiction, and in bankruptcy matters, especially in pronouncing decrees of bankruptcy and in passing the property of a bankrupt to his assignee, they possess not only a general but an exclusive jurisdiction. *U. S. Rev. Stat.* §§ *563, 4972.* Their judgments are conclusive as to the facts adjudged, and must, within the territory where they have power to hear and decide judicially, be accepted as speaking verities which cannot be disputed, except before themselves, or on appeal before the appropriate appellate tribunal, or in a direct proceeding before some other court of competent jurisdiction. The rule defining the effect which must be given to the acts of courts of general jurisdiction, is stated as follows by Chief-Justice Beasley:

"The decision of a domestic court of general jurisdiction, acting within the scope of its powers, has inherent in it such conclusive force that it cannot be challenged collaterally, and such decision definitely binds all the parties embraced in it unless on objection made to such court itself, or in a direct course of appellate procedure. * * * Such judicial act may be voidable, but it is not void. If even admittedly erroneous, such error cannot be set up against the decree in a collateral proceeding formed on the decree." *McCahill* v. *Equitable Life Assurance Society*, 11 C. E. Gr. 531; *Shultz* v. *Sanders*, 11 Stew. Eq. 154; *S. C. on appeal*, 11 Stew. Eq. 293. The supreme court of the United States have held that this doctrine should be applied, in all its full force, to decrees of bankruptcy pronounced by the district courts. *Michaels* v. *Post*, 21 Wall. 398; *Chapman* v. *Brewer*, 114 U. S. 158. Mr. Justice Clifford, in *Michaels* v. *Post*, speaking for the court, said: "The decree of the district court in such a case is conclusive of the fact decreed unless when it is called in question in the court where it is entered, or by some direct proceeding in some other court of competent jurisdiction." It would seem, therefore, to be entirely clear that, even if the defendants' plea was faulty in the respects indicated, the complainant could take no advantage of such faults in this action. Her intestate would, in any collateral proceeding like this action, have been unalterably bound by the decree of bankruptcy pronounced against him, and so is she.

It should be added, in this connection, that Chancellor Walworth once held, in a case in some respects different from the one now under consideration, that a plea which did not show on its face that the petition of the person asking for an adjudication of bankruptcy against himself, contained all the matters which, by the bankrupt law of 1841, were essential to give the court jurisdiction and to enable it to pronounce a valid decree, was insufficient, and should be overruled. *Seaman* v. *Stoughton*, 3 Barb. Ch. 344. I shall not stop to examine the bankrupt law of 1841 to see how far its provisions justified this decision. The motion now under consideration must be determined by federal

law, and the final arbiter as to what that law is is the supreme court of the United States.

There can be no doubt that the matters stated in the plea constitute a complete and perfect defence to the complainant's action. The adjudication of bankruptcy, and the assignment made in pursuance of it, stripped the complainant's intestate of all his rights in equity, and all his choses in action, and all his rights of action for any cause arising upon contract, and his right to redeem property which he had conveyed in pledge, and vested them in his assignee. *U. S. Rev. Stat.* § *5046.* The fact that his assignee has not utilized such rights nor realized their money value within the time limited by the bankrupt law gives neither the bankrupt nor his creditors any right whatever to them. *Glenny* v. *Langdon, 98 U. S. 20; Meeks* v. *Olpherts, 100 U. S. 564; Trimble* v. *Woodhead, 102 U. S. 647; Moyer* v. *Dewey, 103 U. S. 301.* The complainant's rights are purely derivative; she stands before the court in the same plight and condition exactly that her intestate would, and he, it is certain, would not be allowed to assert a right to property which the law had wrested from him, on his own application, to apply in discharge of his debts.

The complainant's motion must be denied, with costs.