## MICHAEL SILVER

*v.*

## BERNHARD GATTEL et al.

[Decided September 28th, 1918.]

1. In a suit to foreclose the equity of redemption of owners of lands sold under the provisions of the Tax act of 1903 (*4 Comp. Stat. p. 5138 § 59*), a defendant not known to be either dead or alive and his unknown heirs, devisees and personal representatives, may be brought in by publication in compliance with section 10 of the act concerning the court of chancery. *1 Comp. Stat. p. 413; Hill* v. *Henry, 66 N. J. Eq. 150,* distinguished.

2. Under section 10 of the act concerning the court of chancery (*1 Comp. Stat. p. 413*), and section 6, an act concerning mortgages (*3 Comp. Stat. p. 3411*), and sections 54 and 55 of the same act (*3 Comp. Stat. pp. 3423, 3424*), the decree properly goes against the named defendant not known to be either dead or alive *and* his unknown heirs. devisees and personal representatives, and the decree binds the named defendant, if he be alive, and his unknown heirs, devisees and personal representatives, if he be dead. *Hill* v. *Henry, supra,* considered.

3. In a suit for specific performance, the fact that a bill to foreclose the equity of redemption of owners of lands sold under the Tax act, does not contain, in express terms, an averment as to the amount due complainant will not be considered, the decree in the foreclosure proceedings not being subject to collateral attack for this reason. *River Realty Co.* v. *Blumenheim, 77 N. J. Eq. 291,* distinguished.

4. A final decree in foreclosure proceedings to foreclose the equity of redemption of owners of lands sold under the Tax act, cannot be collaterally attacked in a specific performance suit because it does not fix the amount due, and allow time for payment as is the practice in strict foreclosure.

On bill, &c.

*Mr. Saul Cohn,* for the complainant.

*Mr. Samuel Roessler,* for the defendants.

LANE, V. C.

This is a suit to compel specific performance of a contract for the purchase of land.

The question involved is the validity of complainant's title. On December 30th, 1913, the lands were sold by the city of Newark under the provision of "An act for the assessment and collection of taxes," approved April 8th, 1903. *4 Comp. Stat. p. 5132 § 51*, &c. The purchaser was Julius Cinnamon, who bought the lands in fee-simple. On February 11th, 1914, Cinnamon assigned his interest in the certificate of sale to complainant, Michael Silver. On March 29th, 1917, complainant, being the holder of the certificates of sale, instituted proceedings in this court against Bernhard Gattel and Mrs. Bernhard Gattel and the unknown heirs, devisees and personal representatives of the said Bernhard Gattel and others to foreclose the equity of redemption under the provisions of section 59 of the act heretofore referred to. *4 Comp. Stat. pp. 5137, 5138.* The result was a decree that "the right in, by or on behalf of the said defendants, and each and every of them, to redeem the lands and premises described above, of and from the sale aforesaid made by the comptroller of the city of Newark, New Jersey, on December 30th, 1913, in the manner and form alleged in the bill of complaint herein, and the right to redeem the aforesaid sale, is hereby foreclosed, and the said defendants stand absolutely debarred of and from all equity of redemption of, in and to said mortgaged premises, pursuant to the statute in such case made and provided."

The legality of the proceedings against the unknown heirs, devisees and personal representatives of Bernhard Gattel is assailed upon the authority of *Hill* v. *Henry, 66 N. J. Eq. 150.* In that case Vice-Chancellor Stevens held that section 10 of the act concerning the court of chancery (*1 Comp. Stat. p. 413 § 10*) did not apply to suits under the act to quiet title. The only point actually determined in that case was that a proper construction of the act to quiet title indicated that section 10 of the Chancery act had no application. A suit to foreclose the equity of redemption under the Tax law is not a suit under the act to quiet title, nor does the reasoning of Vice-Chancellor Stevens, in *Hill* v. *Henry,* apply to it.

The chancellor, in *Mitsch* v. *Owens, 89 Atl. Rep. 292*, held that the act provided for a strict foreclosure.

Under the act concerning mortgages (*3 Comp. Stat. pp. 3411, 3423, 3424 §§ 6, 54, 55*) special provisions are made for the bringing in of unknown parties and unknown heirs, devisees and personal representatives, which provisions are substantially the same as the provisions of section 10. There can be no doubt that either the provisions of section 10 of the act concerning the court of chancery or the provisions heretofore referred to of the Mortgage act apply to an action to foreclose a lien under the Tax act. The propriety of proceeding against a defendant not known to be either dead or alive and his unknown heirs, devisees and personal representatives in actions such as foreclosure can no longer be the subject of controversy in this state since the determination of the court of errors and appeals in *Cona* v. *Henry Hudson Co., 86 N. J. Law 154.* In that case the court of errors and appeals held that section 10 applied to partition. The court, speaking through the chancellor, said: "Every sovereign state has control over property within its borders. The conditions of the ownership of real estate in a given country, whether the owner be citizen or alien, resident or non-resident, are subject to the laws of that state concerning the holding and transfer thereof, and of establishing title thereto. Partition, including sale in lieu of actual partition of lands in New Jersey, is within the doctrine stated; and notice by publication, &c., to non-resident owners and persons believed to be dead, their heirs, devisees or personal representatives, under the provisions of the Chancery act, clothes our court of chancery with power to decree a partition or sale in lieu of partition, and make good title thereto, whether by decree for actual partition or through a deed of conveyance made by a master in chancery in pursuance of a decree for sale."

The court relied on *United States* v. *Fox, 94 U. S. 315, 320; Arndt* v. *Griggs, 134 U. S. 316.*

Foreclosure is so much a proceeding *in rem* as to render notice to unknown heirs, devisees and personal representatives as a class due process of law. *White* v. *Williams, 3 N. J. Eq. 376; Parker* v. *Hartt, 32 N. J. Eq. 225.*

Unless this were so wherever a situation developed in which the owners of property were unknown there would be no method

of settling title save only under some statute of limitations. There could be no enforcement of liens or partition until the expiration of the time fixed by the statute of limitations. This situation would not at all comport with the remarks of Mr. Justice Brewer in *Arndt* v. *Griggs* (at *p. 320*), quoted by the court of errors and appeals in the *Cona Case.* It is now settled that the legislature may constitutionally, in proceedings to quiet title, provide for notice to a defendant not known to be alive or dead and his unknown heirs, devisees and personal representatives. *American Land Co.* v. *Zeiss, 219 U. S. 47; 55 L. Ed. 82.*

I am unable to agree with the view expressed by the vice-chancellor, *obiter,* in *Hill* v. *Henry,* that taking the whole section— that is, section 10 together, the decree which the statute intends shall be made under it is a decree against heirs and devisees, and the name of the ancestor and devisor is brought in only for purposes of description or identification. It seems to me that this construction of the statute is against its express language, its clear purpose and certainly the established practice. Section 10 provides—

"That if the complainant is unable to ascertain whether a person having an interest in the property is still alive, or if he is known or believed to be dead, has been unable to ascertain the names or residences of his heirs, devisees or personal representatives, the action may proceed against such person by name *and* his heirs, devisees and personal representatives." (Italics mine.)

Section 11:

"All *such* defendants *and* all persons falling within the description of heirs, devisees or personal representatives of the defendant, supposed to be dead as aforesaid, shall thereupon be bound." (Italics mine.)

Section 54 of the act concerning mortgages (*3 Comp. Stat. p. 3423*) provides—

"That if the complainant is unable to ascertain whether the defendant be alive or dead, and that he has been unable to ascertain the names or residences of his heirs, devisees or personal representatives in case such person or persons are dead, such bill may be filed against and such action may proceed against *such person or persons by name, and* his heirs, devisees and personal representatives." (Italics mine.)

and the succeeding section (55) provides—

"That all *such defendants and* all persons falling within the description of 'heirs, devisees or personal representatives' of the defendant supposed to be dead as aforesaid, shall thereupon be bound." (Italics mine.)

The purpose of the statute was to provide for two contingencies—*first,* where it was known that the party interested was dead and the names of his heirs, devisees and personal representatives were unknown, and *second,* where it was uncertain whether the person interested was dead or alive, and if dead, the names of his heirs, devisees and personal representatives were unknown. In the latter event, it seems to me it was contemplated that the decree should go against both the named defendant and his heirs, devisees and personal representatives. If, in fact, the person interested were alive, he would be bound. If, in fact, he were dead, then his heirs, devisees and personal representatives would be bound. I am obliged to consider and determine this phase of the matter because the suit under consideration in the present case proceeded against the named defendant and his heirs, devisees and personal representatives and the decree went against the named defendant and the class. The proceeding and the decree is in strict accordance with the established practice so far as I have been able to ascertain.

The result is that unless some valid objection can be made to the regularity of the proceedings in the foreclosure case the defendant Bernhard Gattel and his heirs, devisees and personal representatives have been properly foreclosed of their right to redeem and the title is good.

Various objections are made to the regularity of the proceedings. It is asserted—

First. The bill of complaint fails to disclose that any sum is due at the time of filing the bill and reliance is placed upon the opinion of Vice-Chancellor Emery in *River Realty Co.* v. *Blumenheim, 77 N. J. Eq. 291.* In that case there was a demurrer and the vice-chancellor held that as against the demurrer the bill was bad for failure to contain the allegation referred to. I have examined the bill in the present case and I find that, although the allegation is not made in express terms, yet the fact that the

amount paid ·upon the certificate is still due may be fairly inferred. An account is prayed for. But whether the allegation is contained or not, the decree cannot be collaterally attacked upon any such ground. *McCahill* v. *Equitable Life Assurance Society,* 26 *N. J. Eq.* 531; *Shultz* v. *Sanders,* 38 *N. J. Eq.* 154; affirmed, 38 *N. J. Eq.* 293; sub nom. *Eisberg* v. *Shultz; Dickinson* v. *City of Trenton,* 33 *N. J. Eq.* 63; *Banta* v. *Trustees,* 89 *N. J. Eq.* 123.

Second. That the proceedings are not regular because the decree does not allow time for payment of the debt and redemption of the estate. And reliance is placed upon *Clark* v. *Reyburn,* 8 *Wall.* 318; 19 *L. Ed.* 354, in which case the supreme court of the United States held that a decree in strict foreclosure could not be sustained which did not find the amount due and which did not allow time for payment of the debt and the redemption of the estate and which was final and conclusive in the first instance. The final decree in the foreclosure proceedings *sub judice* is in the form in which the decree was made, following the opinion of the chancellor in *Milsch* v. *Owens, supra.* Here, again, however, the respondents are met by the doctrine recognized in the case of *McCahill* v. *Equitable Life Assurance Society,* and cases heretofore cited.

Third. The last contention of the respondents is that the bill does not comply with the ninth section of the act concerning the court of chancery (*1 Comp. Stat. p. 413*), in that it does not appear by the affidavit of the complainant or his solicitor annexed to the bill of complaint and filed therewith that, notwithstanding due inquiry has been made therefor, the Christian name of Mrs. Gattel, a married woman, cannot be ascertained.

The point of this objection is that Mrs. Gattel, the wife of Bernhard Gattel, if alive, may have a right of dower in the premises in question; she is designated in the bill of complaint as Mrs. Bernhard Gattel. The bill itself contains an averment that the wife's name is unknown to complainant, and that although the complainant has made diligent search he has been unable to ascertain whether the said Bernhard Gattel or his said wife is alive or dead, or whether he left surviving any heirs-at-law or next of kin. Section 9, heretofore referred to, provides—

"In any suit hereafter to be commenced in the court of chancery wherein it shall be thought necessary or proper to make any married woman a party, and it shall appear by the affidavit of the complainant, or his solicitor, annexed to the bill, and filed therewith, that, notwithstanding due inquiry has been made therefor, the Christian name of such married woman cannot be ascertained, it shall be lawful and sufficient to designate any such married woman by the name of her husband, with 'Mrs.' prefixed thereto."

There is not annexed to the bill of complaint an affidavit specifically asserting that, notwithstanding due inquiry had been made therefor, the Christian name of Mrs. Bernhard Gattel could not be ascertained. There is, however, annexed to the bill an affidavit reciting in full the inquiries made by complainant in an attempt to secure information with respect to the Gattels, and it is not beyond the range of possibility that the court in considering this affidavit may have determined that it appeared therefrom that due inquiry had been made and that the name of Mrs. Gattel could not be ascertained. This being the situation, I think the doctrine of the *McCahill Case* applies. Whether, if there were no affidavit whatever the respondent might, after process of subpœna had been issued and returned and thereafter an order of publication made and proceedings perfected thereunder, have attacked the decree upon the ground that the statutory affidavit not being attached to the bill the court lacked jurisdiction, I do not determine. In the *McCahill Case* the court of errors and appeals refused to consider, at the instance of a purchaser under a foreclosure sale, whether there was any irregularity in the publication of the notice to non-residents of the pendency of the suit. In *Dickinson* v. *City of Trenton,* the chancellor refused to consider whether the solicitor who had acknowledged service of subpœna was authorized to do so and whether the ticket was in conformity with the provisions of the statute. In *Shultz* v. *Sanders* both Vice-Chancellor Van Fleet and the court of errors and appeals, in an action involving infants, refused to consider whether any proof had been taken of the amount due, notwithstanding the rule that a suitor who seeks relief against an infant must prove his whole case and that nothing can be taken as admitted against him either by default or by his answer by guardian *ad litem.*

I will advise a decree directing specific performance of the contract.