The facts in this case as agreed upon by counsel are as follows:
Ellen Quinn at one time was the owner of certain premises in West Orange, New Jersey. In 1903 this property and others were sold for taxes. The tax books show that the taxes and costs were paid, but do not show when or by whom.
John F. Rand claimed to have purchased the Quinn property for taxes, as well as the other plots. On November 5th, 1904 (twenty-three and one-half years ago), he conveyed the Quinn property to the Pleasant Land Company. Later the Pleasant Land Company conveyed the premises to the Pleasant Realty Company. The Pleasant Realty Company filed a bill to quiet title, and on December 31st, 1925, a decree was entered, which recited that —
"It is further ordered, adjudged and decreed that the said Ellen Quinn and James Quinn, their heirs, devisees and personal representatives, their and any of their heirs, devisees, executors, administrators, grantees, assigns or successors in right, title or interest, have no estate or interest in or encumbrance upon said lands and premises or any part thereof."
And further, that —
"So far as relates to any claim thereon by or on behalf of the said defendants, Ellen Quinn and James Quinn, their heirs, devisees and personal representatives, their or any of their heirs, devisees, executors, administrators, grantees, assigns or successors in right, title or interest, the title of the said complainant, Pleasant Realty Company, in and to the same and every part thereof is hereby determined, fixed and settled and declared to be good."
After this final decree was entered, premises were conveyed through several grantors to complainants. Sometime after the complainants had acquired title, they questioned the validity of their title, and requested the defendants to get a release or deed from the said Quinns, and not obtaining either, filing a bill in this court.
Complainants insist that defendants give further assurance of title or accept a reconveyance after a proper accounting. *Page 256 
They desire this because they say that after they had accepted title — which they had had examined by an attorney of their own choosing — they found that the chancery proceedings which led to the entry of the above decree were irregular. Therefore the decree was improperly entered, is of no effect and the title is bad.
This is a collateral attack on a decree heretofore entered in this court, which cannot be done.
In 21 Corp. Jur. 692, the general principle is thus laid down:
"A decree in equity being the judgment of a court of equity where the court has jurisdiction of the subject-matter and of the parties, its adjudication is not subject to collateral attack, and when on the merits it is res adjudicata may be pleaded in bar to another suit upon the same cause of action. The conclusiveness of a decree is not affected by the fact that it is contrary to the generally accepted principles of equity jurisprudence."
Citing among other New Jersey cases Hudson Trust Co. v.Boyd, 80 N.J. Eq. 267.
In National Docks Railway Co. v. Pennsylvania Railroad Co.,52 N.J. Eq. 58, 61, Vice-Chancellor Van Fleet states the rule as follows:
"The judgment pronounced by the Hudson circuit court is as between these parties a final and conclusive determination of all matters which were put in issue in the suit or proceeding in which it was pronounced, and so it must stand and be treated and accepted everywhere until it is set aside by the court which pronounced it, or is changed or reversed by a direct appellate proceeding. That such is the effect which the circuit court of the United States and all other tribunals not possessing appellate jurisdiction must give to this judgment is a proposition that is not open to debate. It is recognized as a cardinal rule in all enlightened systems of jurisprudence. In the language of Mr. Justice Miller, in Harvey v. Tyler, 2 Wall.328, 342: `Whenever it appears that a court possessing judicial powers has rightfully obtained jurisdiction of a cause, all subsequent proceedings are valid, however erroneous they may be, until they are reversed *Page 257 
on error or set aside by some direct proceeding for that purpose.'" See also to the same effect the opinion of Chief-Justice Beasley in McCahill v. Equitable Life InsuranceSociety, 11 C.E. Gr. 531, 538.
I will advise a decree dismising the bill.