Domenic Spenzierato, an infant of the age of fifteen years, by Allessandro Spenzierato, his next friend, prays that the final decree be vacated.
This is a foreclosure suit. The bill alleges that several years after the execution and recording of complainant's mortgage, Domenic, the infant, and others, obtained judgment against Joseph Selitto, among others, for $15,432. The mortgagor and owner of the fee was Guiseppe Selitto. Because of the similarity of names, the judgment creditors were made parties defendant. A subpoena to answer was *Page 61 
served personally on the infant January 15th, 1934, in the presence of his father. February 6th, 1934, a decree proconfesso was taken against the infant and other defendants; February 17th a master reported that he had inspected complainant's bond and mortgage and that there was due thereon $2,030 for principal and interest. This report was based on the complainant's affidavit. Two days later, a final decree for the sale of the land was made. A fieri facias issued and the sheriff reported a sale to complainant for $100. The sale was confirmed as of course May 26th, 1934. The infant's petition to open the decree, c., was filed March 24th, 1936.
All the parties to the suit, as well as one Thomas Selitto, were ordered to show cause why the prayer of the petition should not be granted. On the return, only complainant and Thomas appeared. They were given leave to file answers to the petition and to present answering affidavits, or to have the cause heard on testimony taken in open court. Complainant filed an answer raising only questions of law. Indeed, the matters relied on by petitioner are all of record, save his own infancy, and that is conceded.
Several irregularities in the conduct of the suit are the basis of the petition. No guardian ad litem was appointed to represent the infant; there was no reference to a master to ascertain the truth of the allegations of the complainant's bill; the master's report and the decree were not based on proofs taken before him but merely on affidavit.
Ex parte proof by affidavit, though authorized by chancery rule 186a in foreclosure suits where there are no infant defendants, is not permissible where there are such defendants.Bunting v. Bunting, 87 N.J. Eq. 20; Co-Investors Building andLoan v. Billet, 175 Atl. Rep. 90. In the latter case, Vice-Chancellor Berry said that the proceedings were fatally defective and for that reason refused to compel the purchaser at the sheriff's sale to accept a deed from the sheriff and pay the purchase price.
A decree pro confesso against an infant has little, if any, effect. "It is undoubtedly true, as a general rule, that a suitor who seeks relief against an infant defendant, must prove his whole case, and that nothing can be taken as *Page 62 
admitted against him, either by his default or on the answer of his guardian ad litem." Schultz v. Saunders, 38 N.J. Eq. 154;Caruso v. Caruso, 101 N.J. Eq. 350, 357. The proper practice is set forth in rule 196; instead of a decree pro confesso, complainant should have entered an order to take proofs.
The legislature, by P.L. 1935 p. 185, validated all foreclosure decrees theretofore entered in chancery and sales thereunder in suits against infant defendants where either there was no proof of execution of the bond and mortgage or where proof thereof and of the amount due was made by ex parte affidavit. Petitioner argues that this statute is unconstitutional in that it deprives him of his property without due process of law. This might be so if he questioned, in the present proceeding, the execution of the bond or mortgage or the amount due as reported by the master. But he raises no such question and as to him the statute seems valid. He informally asks leave to prove that the mortgage had been, in fact, paid before the decree was made; but his petition lays no foundation for such proof.
A judgment or decree against an infant who was not represented by a guardian ad litem, is not void and subject to collateral attack. Weinstein v. Chelsea, c., Co., 104 N.J. Eq. 258. But it is erroneous since it cannot be lawfully rendered until a guardian is appointed to defend. Foulkes v. Young,21 N.J. Law 438; Camden Commercial College v. Piper, 5 N.J. Mis. R. 535;137 Atl. Rep. 555. And for such error the judgment will be reversed without considering whether or not the infant has a defense on the merits. White v. Kilmartin, 205 Ill. 525;68 N.E. Rep. 1086; Johnson v. Waterhouse, 152 Mass. 585;26 N.E. Rep. 234; Easton v. Eaton, 112 Me. 106; 90 Atl. Rep. 977; 52L.R.A. (N.S.) 799. If the infancy is not shown on the record, it may be alleged by petition for a writ of coramnobis, and the judgment revoked. DeWitt v. Post, 11 Johns.460; Maynard v. Downer, 13 Wend. 575.
In the record before me, Domenic is described as an infant in the bill and in the final decree as well as in his petition to open the decree. Such a petition is the common substitute for a bill of review. Mitchell v. Mitchell, 97 N.J. Eq. 298. *Page 63 
One of the uses of such a bill or petition is to obtain a reversal of the decree on the ground of error apparent.Watkinson v. Watkinson, 68 N.J. Eq. 632. Failure to protect the rights of an infant presents a typical case for relief.Perry v. Phelips, 17 Ves. Jr. 173; 34 Eng. Rep. 67. For such purpose, the petition can be filed without leave of the court.Story Eq. Pl. § 405. In the case before me, the petition to open the decree was filed within the time limited for appeal, since petitioner is still an infant. Chancery act, section 111,Comp. Stat. p. 450.
Complainant relies on LaBell v. Quasdorf, 116 N.J. Law 368, in which the supreme court affirmed a refusal to vacate a judgment against an infant. But the affirmance went on the ground that a summary motion to vacate a judgment is addressed to the discretion of the court, and the exercise of the discretion will not be reviewed unless it has been clearly abused. I incline to the view that the petition now before the court presents a question of right just as much as if the question were raised on appeal. The situation would be different if the disability of petitioner did not appear in the record. Even if it be a matter of discretion, the infant should have relief. All that complainant can equitably ask is payment of his debt. If the mortgaged property is more than sufficient for that purpose and the infant has a subordinate lien, the surplus should be applied to his lien. True, complainant, after buying in the property at sheriff's sale, conveyed to Thomas Selitto, son of the mortgagor, but Thomas does not claim to be a purchaser for value without notice.
Complainant further objects that it has not been shown that the judgment debtor, Joseph Selitto, and the owner of the land, Guiseppe Selitto, are one person. But he joined petitioner as defendant on the supposition that this is the fact and he cannot hold his decree against him whether or not it be true.
Let the decree pro confesso and the final decree, as against the infant, be annulled. Complainant, or his grantee, by strict foreclosure, may cut off petitioner's lien, or force him to redeem; or they may, if satisfied that the judgment debtor, Joseph Selitto, is not the same one who owned the land, bring *Page 64 
suit against the infant to quiet title; or the infant may bring suit to redeem. In some such proceeding the equities may be settled, including those arising from any taxes paid and repairs made since foreclosure sale.