This action is brought to compel specific performance of a contract whereby complainant agreed to sell and the defendant to buy certain lands. Complainant moves to strike defendant's answer on the ground that it discloses no defense. The question argued is whether complainant has a marketable title.
Title is derived through a foreclosure suit in which there were two infant defendants. The supposed defect is this: The final decree followed a master's report which, in turn, was based on anex parte affidavit and not on the testimony of witnesses produced before the master. The acceptance of such proof by the master was erroneous. Bunting v. Bunting, 87 N.J. Eq. 20;Weining v. Selitto, 121 N.J. Eq. 60; affirmed, Id. 613, andCo-Investors Building and Loan v. Billet, 175 Atl. Rep. 90. I may note that chancery rule *Page 206 
186(a) has since been amended so as apparently to permit such proof, even when there are infant defendants.
While the procedure adopted by the master was erroneous, the judgment was not void. The decree unalterably binds the parties, including the infants, and cannot be questioned collaterally. "A purchaser of land sold pursuant to the decree of a court of general jurisdiction, assumes no responsibility for the correctness of the legal principles on which the decree is founded. All he need do is to see that the court had jurisdiction of the parties and of the subject-matter of the suit and that the decree pronounced was within the scope of the pleadings. A record showing these facts must be accepted by every domestic tribunal as an undisputable verity." Shultz v. Sanders, 38 N.J. Eq. 154;affirmed, sub. nom. Eisberg v. Shultz, Id. 293; Banta v.Board of Trustees, 39 N.J. Eq. 123; Silver v. Gattel, 89 N.J. Eq. 402.
Complainant's title is good. Strike the answer. *Page 207