The complainant in the above-entitled foreclosure suit and his wife have addressed a petition to the Chancellor in which they invite attention to a certain irregularity in the course of the proceedings and pray for some form of equitable relief. An inspection of the file confirms the statements embodied in the petition.
The cause progressed to a final decree pursuant to which the mortgaged premises were sold. The petitioners were the purchasers.
Of the several defendants in that cause, one Marilyn Joan Brennan, alleged to be the owner of an undivided one-sixth interest in the mortgaged premises, was an infant then under fourteen years of age, upon whom process was regularly served. Upon a proper and timely application Edward L. Whalen, then clerk of this court, was duly appointed her guardian ad litem and Mr. J. Albert Homan was assigned to represent the guardian ad litem
as his solicitor. An answer in conventional form was filed in the cause on behalf of the infant defendant. A decree pro confesso
was in due course entered against the adult defendants and a reference made to a master to ascertain and report, inter alia, "any other special matter he may deem proper or which shall appear for the benefit of the infant defendant."
It is evident that the master did not summon the guardian adlitem before him or take depositions to substantiate the allegations of the bill. Instead he received and acted upon the exhibits and two ex parte affidavits in reporting and recommending the final decree which, upon its entry, purported to adjudge that the infant defendant, like other defendants, was foreclosed of all equity of redemption.
If the present application were made directly on behalf of the infant and there had been no alteration of the procedural rules of this court such as amendatory rules 196 and 206, I would be obliged to advise the Chancellor that the decree made against the infant is invalid and that it should in that particular be vacated. Bunting v. Bunting, 87 N.J. Eq. 20; 99 Atl. Rep. 840;Weining v. Selitto, 121 N.J. Eq. 60; 187 Atl. Rep. 368;
affirmed, 121 N.J. Eq. 613; 192 Atl. *Page 447 Rep. 233; Co-Investors Building and Loan Association v.Billet, 175 Atl. Rep. 90.
The petition, however, reveals the reason for its presentation. The petitioners in negotiating a sale of the premises have encountered the objection of the prospective grantee that their title to the premises thus acquired is imperfect.
The situation therefore is one wherein the infant defendant was served with initial process, a guardian ad litem was appointed for her, a solicitor of this court was nominated to represent her interests, and an answer was filed exhibiting her appearance in the cause and, moreover, it is not intimated in the present petition that her interests were in fact inequitably impaired in any degree by the final decree. The verity, validity, and obligatory and binding effect of the final decree are not impugned by any defendant who pretends to be aggrieved. This court is particularly solicitous to safeguard the interests of infants and the irregularity in the instant proceedings is not to be approved; yet final decrees are not nullified merely to hear the record played over again. In re Shreve, 87 N.J. Eq. 7;103 Atl. Rep. 683; affirmed, 87 N.J. Eq. 710; 103 Atl. Rep. 683;Hudson Trust Co. v. Boyd, 80 N.J. Eq. 267; 84 Atl. Rep. 715.
Obviously the petitioners are apprehensive that the intermediate error and informality in the proceedings may subject the final decree to some collateral attack. I am convinced that the final decree cannot be assailed collaterally. The judicial act under the prevailing procedure of granting a final decree upon the exhibits, ex parte proofs, and report of the master in a cause over which the Chancellor had indubitable cognizance may be voidable, but it is not in my opinion void. Cf. La Bell v.Quasdorf, 116 N.J. Law 368; 184 Atl. Rep. 750.
Final decrees of this court of general equitable jurisdiction, unreversed, relating especially to proceedings in rem within the scope of its inherent powers, must be and are accorded too much stability and conclusive force to be challenged collaterally. Such effectiveness is necessary in substantial justice and in the protection of derivative rights. For a stranger to the cause to infuse the final decrees of this court with some *Page 448 
suspicion of their conclusive effectiveness would disastrously destroy their purpose and would inspire an uncertainty in the final result of legal proceedings which, as a pragmatical consequence, would render them unserviceable.
The final decree in this cause is definitely binding upon all the defendants embraced in it. 2 Barb. Ch. Pr. 211 ch. 5 § 2.
It constitutes ample protection to the petitioners who acquired title under it and to those who obtain title definitely from and through them.
To substantiate my conclusion I direct attention to the following procession of authorities: Cahill v. Equitable LifeAssurance Society, 26 N.J. Eq. 531; Dickinson v. City ofTrenton, 33 N.J. Eq. 63; Schultz v. Sanders, 38 N.J. Eq. 154;
affirmed, 38 N.J. Eq. 293; Banta v. Trustees, 39 N.J. Eq. 123;Mount v. Manhattan Co., 41 N.J. Eq. 211; 3 Atl. Rep. 726;Cannon v. Wright, 49 N.J. Eq. 17; 23 Atl. Rep. 285; NationalDocks, c., Railway Co. v. Pennsylvania Railroad Co., 52 N.J. Eq. 58; 28 Atl. Rep. 71; affirmed, 52 N.J. Eq. 590;33 Atl. Rep. 50; Silver v. Gattel, 89 N.J. Eq. 402; 105 Atl. Rep. 137;Hoffmeyer v. Kieran, 103 N.J. Eq. 254; 143 Atl. Rep. 425;Weinstein v. Chelsea Securities, c., Co., 104 N.J. Eq. 258;145 Atl. Rep. 231; Lintott v. McCluskey, 105 N.J. Eq. 354;148 Atl. Rep. 161; In re Leupp, 108 N.J. Eq. 49; 153 Atl. Rep. 842;C. D. Building Corp. v. Griffithes, 109 N.J. Eq. 319;157 Atl. Rep. 137; Springgarden Building and Loan Association v.Fusaro, 124 N.J. Eq. 205; 1 Atl. Rep. 2d 320.
The decision of the Supreme Court in Curatelli v. Barnard,120 N.J. Law 476; 200 Atl. Rep. 795, has not escaped my notice. It is not in conflict with the rule (p. 479) "that a final decree in foreclosure is conclusive on all persons who were properly made parties." In other respects its authoritative relevancy is confined to proceedings at law.
Perhaps the filing in the cause of the present petition and the memorandum of conclusions will serve to placate the anxiety of the prospective vendees.
However, I realize that the right to have a decree opened or vacated does not belong alone to the apparently unsuccessful party. Grant Inventions Co. v. Grant Oil Burner Corp., *Page 449 104 N.J. Eq. 341; 145 Atl. Rep. 721. The application from whatever party is addressed to the sound discretion of the court, and in this court particularly it must invoke its inherent equity powers. In the present cause there is no justification for reopening or vacating in part the final decree unless it is evident that the infant sustained recognizable injury in consequence of the irregularity in the procedure.
If the petitioners so desire, I will advise an order directing the infant, her guardian ad litem, and his solicitor to show cause in what respect the infant defendant and her interests were at the time prejudiced or injured by reason of the failure of the master to issue and cause to be served a summons on the guardianad litem informative of the time and place of the introduction of proofs before him.