This is a suit to quiet the title to premises in the City of Newark. Possession of the premises by plaintiff claiming ownership thereto as admitted. No suit is pending to enforce or test the validity of such title, claim or encumbrance of the defendants. Plaintiff's title to the premises is denied by the defendants.
The defendants are infants. Their father, Nicola Di Froscia, was formerly the owner of said premises. In November, 1928, he executed a mortgage covering said premises to the Trojan Building and Loan Association in the sum of $19,000. Nicola Di Froscia died on December 20, 1932, intestate, leaving him surviving his widow, Carmela Di Froscia, and the infant defendants, Albert Di Froscia and Nicholas Di Froscia. On October 24, 1933, Trojan Building and Loan Association filed its bill of complaint in the former Court of Chancery to foreclose its mortgage. The infants were made parties defendant and Carmela Di Froscia was appointed guardian ad litem for them in said suit; a decree proconfesso was entered against them. Thereafter one of the Masters in Chancery filed his report setting forth that there was due complainant the sum of $20,238.25. A final decree was entered confirming the Master's report and directing that a writ offieri facias issue to the sheriff of Essex County commanding him to make sale of said premises. At the sale held on June 26, 1934, the premises were struck off to the Trojan Building and Loan Association for the sum of $100 which sale was afterward confirmed and the sheriff directed to execute a deed to the purchaser. Plaintiff is the grantee of Trojan Building and Loan Association.
At the time of these foreclosure proceedings Rule 196 of the former Court of Chancery was in effect and provided:
"In suits for the satisfaction of a mortgage, when an application shall be made for the appointment of a guardian for an infant defendant, *Page 569 
as provided for in the last preceding rule, or when it shall appear by affidavit, to the satisfaction of the Chancellor, that notice cannot be served, as mentioned in that rule, the Chancellor may, on the application of the complainant, appoint the clerk of the court guardian ad litem for such infant, whose duty it shall be, if no application shall be made on behalf of the infant for the appointment of a guardian within the time allowed by law for such infant to answer, to enter an appearance for the infant for the suit; after which the complainant may, if the suit is against the infant alone, or the bill shall have been ordered to be taken pro confesso against the other defendant or defendants, take an order to refer the cause to a master to ascertain the truth of the allegations of the complainant's bill, and to take an account of what is due upon the complainant's mortgage (if anything), and also upon any other encumbrance, the amount of which it may be necessary to ascertain, and if more encumbrances than one, to report their several priorities; and the complainant and every other person setting up an encumbrance before the master, affecting the estate or interest of such infant, shall prove his demand before the master, and the master may, if he thinks proper so to do, examine the complainant or other person setting up such demand, on oath or affirmation, to ascertain the truth thereof, and shall report such examination (if any) and all the proofs taken before him to the court; and shall also inquire and report whether, under the circumstances of the case, a sale of the whole, or a part only, of the mortgaged premises is necessary to be made, and any other special matter which the master may deem proper for the benefit of the infant; and the report and all further proceedings shall be governed by rule 185."
In the foreclosure proceedings no answer was filed on behalf of the infants. No order of reference to a master to ascertain the truth of the allegations of the bill and to take an account was taken. No notice was given to the guardian ad litem of the time and place of the Master's hearing. The proof before the Master was by ex parte affidavit. Because of these irregularities it is now contended in behalf of the infants that the final decree entered in the former proceeding was erroneous and of no force and effect.
Unquestionably the failure to take an order of reference to a master and to notify the guardian ad litem of the time and place of the master's hearing as well as the failure of the master to take proofs orally pursuant to the rule were erroneous.Bunting v. Bunting, 87 N.J. Eq. 20, 99 A. 840; Weining v.Selitto, 121 N.J. Eq. 60, 187 A. 268; affirmed,121 N.J. Eq. 613, 192 A. 233; Co-Investors Building and *Page 570 Loan Ass'n v. Billet et al., N.J. Ch., 175 A. 90. While the procedure adopted was erroneous the decree was not void and cannot be here attacked collaterally. Springgarden Building Loan Ass'n v. Fusaro, 124 N.J. Eq. 205, 1 A.2d 320; Wilkesv. Brennan, 139 N.J. Eq. 445, 52 A.2d 69. No doubt if an application had been made directly in the foreclosure proceedings on behalf of the infants, they would have been afforded relief.Co-Investors Building Loan Ass'n v. Billet et al., supra;Wilkes v. Brennan, supra; but that question is not before me for determination.
In the matter now before me the infant defendants by their answer are attempting to attack collaterally the decree in the foreclosure suit. This is not permissible.
In Shultz v. Sanders, 38 N.J. Eq. 154; affirmed, sub nom.,Eisberg v. Shultz, 38 N.J. Eq. 293, Vice-Chancellor Van Fleet held:
"It is undoubtedly true, as a general rule, that a suitor who seeks relief against an infant defendant, must prove his whole case, and that nothing can be taken as admitted against him, either by his default, or on the answer of his guardian adlitem. * * * It may be that the decree in this case was made, as against the infant defendants, on insufficient proof, but, so long as the decree stands, it concludes both the subject-matter of the suit and the parties to the suit. A court of general jurisdiction may misconstrue, misapply or plainly disobey the law, in pronouncing judgment, yet, so long as its judgment remains unreversed, it unalterably binds the parties and pronounces the law which defines and determines their rights in that particular case. A purchaser of land sold pursuant to the decree of a court of general jurisdiction, assumes no responsibility for the correctness of the legal principles on which the decree is founded. All he need do is to see that the court had jurisdiction of the parties and of the subject-matter of the suit, and that the decree pronounced was within the scope of the pleadings. A record showing these facts must be accepted by every domestic tribunal as an indisputable verity. Even a subsequent reversal of the decree will not affect him, for it is a principle of manifest justice, as well as of established law, that rights acquired by a third person, in the enforcement of a decree of a court of general jurisdiction, shall endure, though the decree be afterwards reversed."
The plaintiff is the grantee of the purchaser at the sale under the decree which remains unreversed and effective. The infants were properly before the court and represented *Page 571 
by a guardian ad litem. The decree binds the infants, and their rights in the premises were terminated thereby.
Judgment for plaintiff.