Eisberg *v.* Shultz.

ant was entirely willing that she should accept his deed without understanding, fully, what she was yielding.

4. The complainant is entitled to a decree requiring the line between the farms to be located in conformity to the contract—that is to say, that a new line, as nearly straight as is practicable under the circumstances, shall be established, and that it shall be so located as to give each party, as near as may be, the same amount of land, in quantity and quality, as they were entitled to under the written contract. If the parties cannot agree upon the line, the court will appoint a surveyor to locate it.

The complainant is entitled to costs.

*Mr. Frederick W. Stevens*, for appellants.

*Mr. Lewis Cochran* and *Mr. Lewis J. Martin*, for respondent.

PER CURIAM.

This decree unanimously affirmed, for the reasons given by Vice-Chancellor Van Fleet.

---

LOUIS EISBERG et al., appellants,

*v.*

CHARLES S. SHULTZ et al., respondents.

On appeal from a decree advised by Vice-Chancellor Van Fleet, whose opinion is reported in *Shultz* v. *Sanders, 11 Stew. Eq. 154.*

*Mr. Isaac S. Taylor*, for appellants.

This appeal brings up the question whether, in a case in which there are infant defendants, unrepresented, except by the formal entry of appearance by guardian *ad litem*, appointed *pro forma*,

a valid *ex parte* decree of foreclosure and sale can be made against them, *no proof having been taken as to, the allegation of the bill that the mortgage debt was due by reason of the breach of a special condition of the mortgage* (the debt not being due unless by such breach), and whether the purchasers at the sale under such decree (who show that, *in fact,* the mortgage debt was not due), may object to and decline the title.

I. It is not only a general rule, as stated in the opinion, that a suitor who seeks relief against an infant defendant must prove his whole case, but it is an *inflexible* one. There can be no valid decree against infants by default, or even by admissions of their guardian *ad litem.* *1 Dan. Ch. Pr. 170; 2 Barb. Ch. Pr. 210.* And the evidence binding infants must be preserved in the record. "No presumption can be indulged that such proof was made, unless it is shown by the record." *Chaffin* v. *Kimball, 23 Ill. 36; Tibbs* v. *Allen, 27 Ill. 119; Rhoads* v. *Rhoads, 43 Ill. 239.*

II. The master *must* inquire into the truth of the allegations of the bill. *James* v. *James, 4 Paige 119.* And our *rule of court* (No. 65) imperatively requires this, and also that the complainant *shall prove his demand* before the master.

Rules of court have the force of law as applied to the rights of parties, and are a part of the law, and must be strictly adhered to by the court, as well as by the parties litigant. *Ogden* v. *Robertson, 3 Gr. 124; David* v. *Ins. Co., 9 Iowa 45; Walker* v. *DuCross, 18 La. Ann. 703.*

III. We submit that foreclosures against infants are to be viewed in the light of statutory proceedings; and in statutory proceedings against infants and others under disabilities, every substantial requirement of the law must be complied with. *Stillwell* v. *Swarthout, 81 N. Y. 114; Matter of Valentine, 72 N. Y. 184.*

IV. Absence of proof against infants is fatal to a decree against them, and they may successfully attack it, and disturb the possession of the purchaser thereunder. *Bank of U. S.* v. *Ritchie, 8 Pet. 128 (144); Earle* v. *Turton, 26 Md. 23; Fox* v. *Reynolds, 50 Md. 564 (571).*

If it become apparent to the court, *from the face of the pro-*

*ceedings or otherwise,* that the rights of minors have been illegally invaded, the court will, on its own motion, set aside the sale, without waiting to be invoked so to do. *Rorer on Jud. Sales.* § *438 (2d ed.* § *584).*

It is apparent that the decree in question was obtained by a *surprise,* not to say deception, of the court, unintentional and inadvertent though it may have been.

It is *impossible* that the decree would have been made if the court's attention had been directed to the *status* of the case. There can be no other presumption in the face of this record.

Any surprise of the court is sufficient to warrant the treatment of the decree as *fraudulent. McPherson on Infants 430 ; Ralston* v. *Lahee, 8 Iowa 17 (25)*; *Richmond* v. *Tayleur, 1 P. Wms. 735.*

VI. But if there is any doubt as to whether or not, *strictly speaking,* the case shows fraudulent dealing with or surprise of the court, or if there shall be a negative opinion on that point, the claim may certainly be well made that it should be governed by the principle so delicately yet firmly stated in *White* v. *Tommey, 4 H. L. C. 334; Brock* v. *Rice, 27 Gratt. 815.*

VII. A mortgage cannot be foreclosed until it is due or there has been a breach of some condition. *Maryott* v. *Renton, 6 C. E. Gr. 381; Miller* v. *Craven, 2 Duv. 246 ; Eitelgeorge* v. *Bdg. Assn., 69 Mo. 52.*

Nor can any effectual sale be made under a power or by decree of court in a foreclosure suit until the occurrence of the event, on the happening of which a sale or foreclosure is authorized. *2 Jones on Mort.* § *1174.*

VIII. The question is here suggested whether the decree was not *coram non judice,* as being made to accomplish a purpose not sanctioned by law, viz., the foreclosure of a mortgage which was not due, and no condition of which had been broken. *Freeman on Void Jud. Sales 31.*

IX. Purchasers have a right to relief upon showing material, substantial error. *1 Dan. Ch. Pr. 168 ; Lechmere* v. *Brasier, 2 J.*

& W. 287; Calvert v. Godfrey, 6 Beav. 97; Earle v. Turton, 26 Md 34; Fox v. Reynolds, 50 Md. 564; and see Kohler v. Kohler, 2 Edw. Ch. 69.

X. In respectful review of the opinion, we submit:

(a.) The principle cited from Rorer 431, in regard to fully-completed sales, is of no higher authority than the equally well-recognized one which is stated by the same author in section 438, viz., that when it appears to the court, from the face of the proceedings, that the rights of minors have been illegally invaded, the court will, even on its own motion, set sales aside. Surely, the court should not place the sanctity of *ex parte* decrees (*Carew* v. *Johnson, 2 Sch. & Lef. *300*) above the sanctity of infants' rights and infants' titles, especially where such decrees are taken in palpable violation of law.

(b.) The case of Nichols v. Dissler, 2 Vr. 461, cited by the vice-chancellor, is an authority only upon the point that *parol proof* of payment of the debt before the sale, cannot defeat the purchaser's title, and in that case, nineteen years had elapsed after sale. The judgment remained unsatisfied, and the only proof of payment was the plaintiff's own evidence.

(c.) Looking for redress to the person who got the money for the land (which is the only redress which the opinion indicates these infants could have), might be inadequate relief. It would be very imperfect relief, if they could not be restored to the property which had been improperly and irregularly taken from them. Bank v. Ritchie, 8 Pet., supra.

(d.) As to McCahill v. Equitable Life Assurance Society, 11 C. E. Gr. 531. If the case in hand is one of surprise, or inadvertent misleading of the court, as has been heretofore argued, it is clearly outside of the holding in the McCahill case, on the ground of fraud. There the absent defendant was an adult, under no disability, and the defect relied upon was cured by the chancellor's adjudication under the statute.

XI. Purchasers are entitled to protection, and the court will not force doubtful titles upon them. It is important, in order to obtain fair prices for property at judicial sales, that bidders

should understand this. *Rogers* v. *McLean, 10 Abb. Pr. 306, 31 Barb. 306; Jordan* v. *Poillon, 77 N. Y. 518; Argal* v. *Raynor, 20 Hun 267; Lowes* v. *Lush, 14 Ves., Jr., 548.*

Not even where there is a "strong inclination of opinion" that good title can be made. *Price* v. *Strange, 6 Madd. 104.*

The title must be marketable. *Stapylton* v. *Scott, 16 Ves. 272.*

These purchasers could not, under the proffered title, compel specific performance, unless the contract was a qualified one, detrimental to them. *Swain* v. *Insurance Co., 54 Pa. St. 459.*

XII. As to *costs &c.* The purchasers will be discharged, with their costs and expenses and return of deposit. *2 Dan. Ch. Pr. 1276; Calvert* v. *Godfrey, 6 Beav. 107; People* v. *O. B. of Brokers, 92 N. Y. 98; 2 Jones on Mort. § 1645; Rogers* v. *McLean, 31 Barb. 306; Conover* v. *Walling, 2 McCart. 173.*

These purchasers seek *safety* only,.and will be better satisfied with affirmance than reversal of the order appealed from, *provided* safety be unequivocally and fully assured.

*Mr. John C. Besson,* for respondents.

I. It is settled that a purchaser at a sheriff's sale, under a decree of the court of chancery, is a stranger to the cause.

II. That the objections he may raise to the proceedings in the cause are considered in the nature of a collateral attack.

III. The decision of a domestic court of general jurisdiction, acting within the scope of its powers, cannot be challenged collaterally, and such decision definitely binds all parties embraced in it, unless, on objection made to such court itself, or in a direct course of appellate procedure. See *Pittenger* v. *Pittenger, 2 Gr. Ch. 156, 166, 167.*

It is conceded that no decree will ordinarily be made by the court of chancery of this state against an infant, except upon proof of the facts alleged which warrant the decree. *Mills* v. *Dennis, 3 Johns. Ch. 368; Holden* v. *Hearn, 1 Beav. 456; Bowers* v. *Smith, 10 Paige 193.*

IV. A sale of land made under a decree in chancery vests a

good title in the purchaser, although the decree is subsequently reversed. *Doe* v. *Swiggett, 5 Blackf. 318.*

If a court has jurisdiction, no error or irregularity in the mode of its exercise can affect the purchaser's title under a judicial sale. *Walker* v. *Morris, 14 Ga. 323.*

A purchaser of land under a decree will be protected against the legal claim of one who was a party to a decree by himself or his guardian. *Sinclair* v. *Williams, 8 Ired. (N. C.) Eq. 235.*

V. Judicial acts are obligatory on infants unless they avoid them by direct process, and an infant is estopped from gainsaying the record where its effects are brought to bear upon him in any other controversy. *Beeler* v. *Bullitt, 3 A. K. Marsh. 280; Wall* v. *Bushby, 1 Bro. C. C. 484.*

It was the ancient practice—and does not appear to have been changed in New Jersey—that no decree should be made against an infant in the *foreclosure* of a mortgage without giving him a day (usually six months) after he came of age, to show cause against it. *2 Vern. 232, 342; 2 P. Wms. 403.*

But though in the case of a foreclosure of a mortgage, the infant has six months to show cause, yet he cannot then be permitted to unravel the accounts, nor will he be entitled to redeem the mortgage by paying what is reported due. He is only entitled to show error in the decree; and this was declared to be the settled rule by Lord Talbot in *Mallack* v. *Galton, 3 P. Wms. 352.*

If, however, instead of foreclosing the mortgage against the infant heir of the mortgagor, and thereby giving him a day after he becomes of age it be decreed that the lands be sold to pay the mortgage debt, the sale will bind the infant. *Booth* v. *Rich, 1 Vern. 295; 2 Kent's Com. 245; Walsh* v. *Walsh, 116 Mass. 377; White* v. *Albertson, 3 Dev. 242; see Ewell's Leading Cases 236, note; Webb* v. *Pell, 3 Paige 368; Dexter* v. *Arnold, 5 Mas. 311; Broom's Legal Max. 945.*

I think I have shown, by authority, that a final decree of a court of general jurisdiction against infants has the same binding force against them as it has against adults—that is, it is valid until reversed by direct procedure for that purpose.

Jones v. Newark Savings Institution.

And this case comes clearly within the rule laid down in *Mc-Cahill* v. *The Equitable Life Assurance Society*, *11 C. E. Gr. 531.*

An infant defendant is as much bound by a decree in chancery as a person of full age. He will not be permitted to dispute it unless upon the same grounds as an adult might have disputed it. *2 Barb. Ch. Pr. 211 ch. 5 § 2.*

PER CURIAM.

This decree unanimously affirmed, for the reasons given by Vice-Chancellor Van Fleet.

---

DAVID JONES's executors, appellants,

*v.*

THE NEWARK SAVINGS INSTITUTION, respondent.

On appeal from a decree of the chancellor, whose opinion is reported in *Newark Sav. Inst.* v. *Jones, 10 Stew. Eq. 449.*

*Mr. Jos. Cross, Jr.,* for appellants.

*Mr. Geo. W. Hubbell,* for respondent.

PER CURIAM.

This decree unanimously affirmed, for the reasons given by the chancellor.