12 N.J. Super. 344 (1951)
79 A.2d 503
MARGARET ANDES, PLAINTIFF,
v.
VICTOR BOYAJIAN, ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided March 15, 1951.
*346 Mr. Alfred M. Cozzi, attorney for the plaintiff.
Mr. Edward Y. Ajamian, attorney for the defendants.
STANTON, J.S.C.
Plaintiff commenced this action in the Law Division for the return of a deposit, made by her under a contract with defendants for the purchase of certain lands, and for the cost of examining title, on the ground that defendants could not give a marketable title to her. Defendants counterclaimed for the specific performance of the contract and the action was then transferred to the Chancery Division.
Plaintiff questions the effectiveness of decrees entered in the former Court of Chancery in two separate suits concerning the premises in question. The first was a foreclosure suit in which a final decree was entered on April 3, 1914. At the time of the commencement of that suit, title to the premises was in New Durham Building and Contracting Company, a corporation. Throughout that suit said corporation was incorrectly styled and referred to as New Durham Building and Construction Company. Because of this, plaintiff contends that the equity of redemption of the corporation was not foreclosed. Service of process in the cause was acknowledged on behalf of the corporation by Max A. Sturm, a solicitor of the Court of Chancery. It is noted that Mr. Sturm was himself a party defendant in the cause and he acknowledged service in his own behalf and in behalf of two other defendants. It is noted also that Mr. Sturm had conveyed the premises in question to the said corporation and had taken back from it three purchase money mortgages. This recital alone is persuasive that the New Durham Building and Contracting Company was a party defendant in the cause and that it was properly before the court upon acknowledgment of service by a solicitor of the court. As a matter of fact, it would appear that there is no *347 question at all as to the identity of the defendant in question. There is a mere error in its name, of which it could have complained but did not. In Webster-Art and Strength Building and Loan Association v. Armondo, 128 N.J. Eq. 219 (Ch. 1940), at page 220, it was said:
"Generally, a party to an action, although misnamed, will be concluded by the judgment or decree the same as if he were described by his true name. Advantage of the misnomer must be taken as soon as discovered by plea in abatement or motion, whereupon the true name may be inserted by amendment. (Citing cases.) If no objection to the misnomer be made before judgment, it is waived, and proof may be received outside the record to show who is the actual party concluded."
In McCahill v. Equitable Life Assurance Society, 26 N.J. Eq. 531 (E. & A. 1875), a collateral attack upon a foreclosure decree of the Court of Chancery was under discussion, and Chief Justice Beasley said at page 538:
"The legal rule, then, is this: that the decision of a domestic court of general jurisdiction acting within the scope of its powers, has inherent in it such conclusive force that it can not be challenged collaterally, and that such decision definitively binds all parties embraced in it, unless on objection made to such court itself, or in a direct course of appellate procedure. The result of this doctrine obviously is, that the present petitioners have nothing to apprehend from any supposed error in the publication of the notice to the absent defendant, as such absent defendant cannot set up such defect against the title offered under this decree.
"I have preferred to put the question here raised upon this broad ground, as it seemed to me that it should be understood that titles by force of foreclosure decrees are not open to objections of the general character of the one here interposed. But if this principle had not, as I think, ruled the case, I should have arrived at the same end, so far as the decision of the question now before the court is concerned, as I entirely agree with the Chancellor in his view that the notice to the non-resident was, in substance and effect, published in the manner directed."
It is concluded, therefore, that the holder of the fee was not only properly before the court as a party defendant notwithstanding the incorrect statement of its name, but *348 plaintiff is precluded from collaterally attacking the conclusiveness of the said decree.
The other suit was for the foreclosure of tax lien certificates by a municipality against Imp Manufacturing Company, Inc., a corporation of this State. Final decree was entered therein in favor of the municipality on December 12, 1938. Plaintiff questions the effectiveness of this decree on the ground that the defendant therein was not properly before the court and on the further ground that the State of New Jersey should have been a party to the action for the reason that it held a lien on the premises in question for unpaid corporation franchise taxes of the said defendant. The suit was instituted on June 6, 1938. Plaintiff questions the form of the subpoena which was issued in the matter and which was served upon the defendant by leaving a copy of it with the Secretary of State of New Jersey. She also questions the failure to file an affidavit of inquiry for the officers and registered agent of the corporate as a prerequisite to the service of process upon the Secretary of State pursuant to R.S. 14:13-14. The subpoena, entitled in the cause, is proper in all respects except that it is addressed to one Turner as registered agent of the defendant, and as stated above was duly served by the sheriff upon the Secretary of State pursuant to the statute. This imperfection in the subpoena and the failure to file the affidavit as prescribed by the rule of the Court of Chancery are matters which may not be collaterally attacked by plaintiff in this proceeding. The decree of the Court of Chancery is conclusive upon these matters. McCahill v. Equitable Life Assurance Society, supra; Shultz v. Sanders, 38 N.J. Eq. 154; affirmed, Eisberg v. Shultz, 38 N.J. Eq. 293 (E. & A. 1884); Wilkes v. Brennan, 139 N.J. Eq. 445 (Ch. 1947). In the latter case, Vice-Chancellor Jayne, at page 447 said:
"Final decrees of this court of general equitable jurisdiction, unreversed, relating especially to proceedings in rem within the scope of its inherent powers, must be and are accorded too much stability and conclusive force to be challenged collaterally. Such effectiveness is necessary in substantial justice and in the protection of derivative rights. For a stranger to the cause to infuse the final decrees of this court with some suspicion of their conclusive effectiveness would *349 disastrously destroy their purpose and would inspire an uncertainty in the final result of legal proceedings which, as a pragmatical consequence, would render them unserviceable."
The notice to redeem given by the municipality to Imp Manufacturing Company, Inc. pursuant to an order of the Court of Chancery was served upon the Secretary of State. This was not only effective service upon the delinquent corporation under R.S. 14:13-14 but the final decree in the cause is conclusive on the question of its efficacy raised by the collateral attack of plaintiff herein.
With respect to the failure to join the State of New Jersey as a party in the last mentioned suit, it is claimed that this should have been done pursuant to R.S. 54:49-1, which has its source in chapter 263 of the Laws of 1936, known as State Tax Uniform Procedure Act. The section in question provides that corporate franchise taxes from the time the same shall be due shall be a personal debt of the taxpayer to the State, and such debt shall be a lien on all the property of the debtor. The effective date of this act is July 1, 1936. The corporation franchise taxes that became due after July 1, 1936 were those for the year 1937 and they became a charge and liability against the assets of a corporation as of January 1, 1937. R.S. 54:13-5. It is contended by plaintiff that this act created a lien in favor of the State on the premises in question for franchise taxes which had accrued prior to the forfeiture of the corporation's charter in 1926. An examination of the statute discloses that it is not explicitly retrospective. And it is well settled that a statute will not be construed as retrospective unless its language or object clearly so indicates. See Wittes v. Repko, 107 N.J. Eq. 132 (E. & A. 1930) and cases there cited.
It is concluded that the State of New Jersey at the time of the institution of the suit against the Imp Manufacturing Company had no lien on the premises in question for unpaid corporation franchise taxes; and that the equity of redemption of the defendant therein was effectively foreclosed.
The title being marketable, defendants are entitled to judgment for the specific performance of the contract.