69 N.J. Super. 85 (1961)
173 A.2d 570
JENNIE FINKEL, PLAINTIFF,
v.
CUMBERLAND REALTY COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, AND THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided August 24, 1961.
*87 Mr. Stanley S. Brotman argued the cause for plaintiff (Messrs. Shapiro, Brotman & Eisenstat, attorneys).
Mr. John R. Armstrong argued the cause for plaintiff (Messrs. Kirkman, Mulligan, Bell & Armstrong, attorneys).
Mr. George Purnell argued the cause for defendant Cumberland Realty Company (Messrs. Curry, Purnell & Greene, attorneys).
WICK, J.S.C.
This matter comes before the court upon the motion of the defendant, Cumberland Realty Company, to set aside a judgment entered by default against it in favor of the plaintiff, Jennie Finkel.
On March 25, 1960 the plaintiff instituted this action in the Superior Court, Chancery Division, to quiet title to certain lands located in the Township of Pittsgrove, County of Salem. Both Cumberland Realty Company, a corporation of the State of New Jersey, and the State of New Jersey were joined as party defendants, alleging that they deny or dispute the plaintiff's title or hold some lien or encumbrance on the lands in question. In respect to the State of New Jersey, the complaint alleges that the State may have a lien on these lands by virtue of the fact the corporate charter of the defendant corporation was forfeited for non-payment of corporate taxes for the years 1930, 1931 and 1932.
*88 Subsequently, on May 11, 1960, after defaults had been entered against the defendants, a judgment in favor of the plaintiff was signed by this court. An amendment, not pertinent herein, to that judgment was made on September 26, 1960. Then on April 20, 1961, the defendant corporation obtained an order to show cause why the abovementioned judgment should not be set aside.
In support of its motion, the defendant corporation by affidavit alleges improper service of process as well as fraud or misrepresentation as a basis of the relief sought.
Service of process upon the defendant corporation was not made in accordance with the usual corporate procedure as provided by R.R. 4:4-4(d), but was instead made through the office of the Secretary of State under N.J.S.A. 14:13-14 which provides:
"In any action or other legal proceeding commenced in any court of this State against a domestic or foreign corporation, or to which such corporation shall be a party defendant, where the charter of the corporation has heretofore expired or shall hereafter expire by its own limitation, or has heretofore been or shall hereafter be forfeited, dissolved or annulled by the Legislature or in any other manner, the corporation shall continue a body corporate for the purpose of defending the cause. Service of a summons or other process for appearance issued out of any court and other papers in the cause may be made upon the corporation by serving the same on such person as was, at the time of such expiration, forfeiture, dissolution or annulment, the president or secretary of the corporation, or the agent in charge of its principal office, or its designated registered agent for this State, personally, or by leaving the same at the dwelling house or usual place of abode of such president, secretary, agent in charge of said principal office or designated registered agent of the corporation. If service thereof cannot be made as hereinabove provided, then it may be made upon the corporation by serving the Secretary of State * * *"
The return of service reveals that the summons and complaint were served upon the defendant corporation "by leaving a copy thereof in the office of the Secretary of State of New Jersey, in the State House, Trenton, N.J., together with a fee of $3.00, with Robert Falcey, Chief Clerk in said office."
*89 At the date of institution of this litigation, the charter of the defendant corporation had been forfeited for non-payment of its franchise taxes, and its registered agent, one Nathaniel S. Greenwood, was deceased. The plaintiff contends she could not obtain any information as to either the names or addresses of any surviving directors or officers of the corporation; and, therefore, only by service upon the Secretary of State as provided by N.J.S.A. 14:13-14 could this action be brought against the defendant corporation.
However, in so making this service, the plaintiff did not file any affidavit showing inquiry and the inability to find either the corporate officers or the named registered agent. Although N.J.S.A. 14:13-14 does not expressly require that such an affidavit be filed, the defendant corporation contends that such a requirement is implicit in the terms of that statute. Although the court has been unable to find any precedent directly on this point, in Miklos v. Liberty Coach Co., 48 N.J. Super. 591 (App. Div. 1958), involving an analogous situation of service upon a corporation by serving a servant of the corporation who was acting in discharge of his duties within the State as provided by R.R. 4:4-4(d), Judge Goldmann, at page 601, stated:
"* * * Good practice would indicate that before invoking this provision an affidavit be filed showing inquiry and inability to find the named corporate representative or office or place of business within this State. Schnitzer and Wildstein, New Jersey Rules Service, A IV-55."
As in N.J.S.A. 14:13-14, there is no express provision in R.R. 4:4-4(d) requiring that an affidavit of inquiry be filed. However, if "good practice" would require that such an affidavit be filed prior to service upon a servant of a corporation under R.R. 4:4-4(d), could one deny that such an affidavit should likewise be required prior to service upon the Secretary of State under N.J.S.A. 14:13-14.
The case of Andes v. Boyajian, 12 N.J. Super. 344 (Ch. Div. 1951), relied upon by the plaintiff, is distinguishable *90 from that sub judice. The Andes case merely holds that failure to file an affidavit of inquiry for the officers and registered agent of a corporation as a prerequisite to service of process upon the Secretary of State pursuant to N.J.S.A. 14:13-14 may not be the subject of a collateral attack in another proceeding. Herein the defendant corporation, by the motion now being considered, is making a direct attack upon this judgment.
Furthermore, the mere failure of the plaintiff to file an affidavit of inquiry is not the sole omission herein. Although the plaintiff has offered certain proofs in an effort to show that such an inquiry was in fact made, the fact still remains that the plaintiff avoided making inquiry of the one person of whom such an inquiry would not have been meaningless. Correspondence between plaintiff's counsel and the Secretary of State in regard to the status of the defendant corporation has been attached to the plaintiff's memorandum and made exhibits thereto. However, the plaintiff failed to inquire of one W. Joseph Harrison III. Mr. Harrison, a member of the Philadelphia Bar and attorney for the defendant corporation, had written the following letter, dated January 8, 1960, to the plaintiff:
 "January 8, 1960
 Mrs. Jennie Finkel
 c/o Master Music Shop
 Vineland, New Jersey
 and
 118 South California Ave.,
 Atlantic City, New Jersey

In Re: Cumberland Realty Company
Dear Mrs. Finkel:
Please be advised that I represent the Cumberland Realty Company which is the owner of record of a thirty-one (31) acre tract of ground in Pittsgrove Township, New Jersey. In ordering a title search on said property, it has been discovered that one Harry Finkel is the assignee of a tax sales certificate from the Township of Pittsgrove, dated December 15, 1933 and recorded on January 9, 1934 in Mortgage Book #60, Page 203, and assigned to you on July 1, 1935, as recorded in Assignment Book `O' Page 287 and 288. Will *91 you kindly advise the undersigned if you are related to the Harry Finkel mentioned in the title search, and what price you desire in order that the lien be assigned to the corporation.
 WJosHIII: eps Very truly yours,
 cc: David N. Greenwood, M.D.
 (Signed) W. Jos. Harrison, III"
The plaintiff, upon receipt of that letter of January 8, 1960, forwarded it to her counsel who then wrote to Mr. Harrison as follows:
 "January 14th, 1960
 W. Joseph Harrison, III, Esq.
 1720 Philadelphia National Bank Building
 Broad and Chestnut Streets
 Philadelphia 7, Pa.
 Re: Cumberland Realty Company
Dear Sir:
Please be advised that your letter of January 8th, 1960, addressed to Mrs. Jennie Finkel, has been handed to me.
I represent Mrs. Finkel, and I would like to know the basis of your representation of Cumberland Realty Company. According to the records of the Office of Secretary of State at Trenton, New Jersey, this Corporation forfeited its Charter on January 19th, 1933, for non-payment of corporate taxes. If any of the original incorporators, or member of the Board of Directors are alive, they as possible trustees, may have some interest.
I would appreciate it if you would advise me of the basis upon which you are proceeding.
 Very truly yours,
 SLS: MPS SHAPIRO & BROTMAN
 By (Signed) Samuel L. Shapiro"
Although the complaint herein was not filed until March 25, 1960, some two months after this exchange of correspondence, the proofs offered by the plaintiff herself reveal that this action was contemplated even prior to this correspondence. See, for example, the letter, dated November 27, 1959, from her attorney to the Secretary of State in which he states that he is "about to proceed with the foreclosure *92 of a tax title certificate concerning premises which were last in the name of Cumberland Realty Company." Despite knowledge of the imminent litigation involving the defendant corporation, plaintiff's counsel never informed Mr. Harrison of this fact nor inquired of him as to the proper person for the service of process upon the defendant corporation. Instead, counsel just asked the basis of Mr. Harrison's representation of Cumberland Realty Company, and then subsequently proceeded with this action under N.J.S.A. 14:13-14. Certainly a full and frank disclosure of the facts as known to plaintiff's counsel should have been made to Mr. Harrison. The failure of counsel to make such a disclosure is inequitable and cannot be condoned by this court.
Service of process upon a corporation via the office of the Secretary of State is not an optional method of service, but is only to be invoked when the normal procedure for such service as provided by R.R. 4:4-4(d) is proven to be inapplicable. The rules of court in regard to procedure and practice must be given effect even though in conflict with legislative enactments. Winberry v. Salisbury, 5 N.J. 240 (1950). The purpose of an affidavit of inquiry is to show that service under R.R. 4:4-4(d) is, to the knowledge of counsel after a complete inquiry, factually impossible. Not only has counsel failed to file such an affidavit but also failed to make a complete inquiry to determine whether service under R.R. 4:4-4(d) was possible. In view of these facts, this court must conclude that the attempted service of process herein upon the defendant corporation is defective and improper.
Even if the above service of process were to be held valid, the circumstances herein require this court to exercise its discretionary powers under R.R. 4:62-2 to relieve the defendant corporation of the onerous burden of this judgment. R.R. 4:62-2 provides that:
"On motion, with briefs, and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (a) mistake, *93 inadvertence, surprise, or excusable neglect; * * * (c) fraud, (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; * * * or (f) any other reason justifying relief from the operation of the judgment or order * * *."
R.R. 4:62-2 calls for the exercise of a sound discretion by the trial judge, guided by equitable principles. Goldfarb v. Roeger, 54 N.J. Super. 85 (App. Div. 1959).
The equitable considerations herein weigh heavily in favor of the defendant corporation. After spending considerable funds and effort to regain its corporate charter, the defendant corporation now finds its only asset taken from it by this judgment, resulting from litigation of which it had no direct knowledge and no opportunity to defend. The defendant corporation has, in its moving papers, asserted several bona fide defenses which are neither technical nor frivolous. The oft-quoted maxim that "every man is entitled to his day in court" has long been applied with diligence in this jurisdiction. See Loranger v. Alban, 22 N.J. Super. 336 (App. Div. 1952); Wilford v. Sigmund Eisner Co., 13 N.J. Super. 27 (App. Div. 1951); Stawicky v. Stawicky, 9 N.J. Super. 472 (Ch. Div. 1950); LaBell v. Quasdorf, 116 N.J.L. 368 (Sup. Ct. 1936); Carpenter v. Muchmore, 15 N.J. Eq. 123 (Ch. 1862). Nor is there any question of lack of diligence on the part of the defendant. The proofs show that the defendant corporation did not discover this judgment until April 12, 1961. Only eight days afterward, on April 20, 1961, the defendant corporation obtained this order to show cause why this judgment should not be reopened. Furthermore, the plaintiff has entered no proofs showing that she will be prejudiced in any manner by having this judgment reopened to permit a trial on the merits. Certainly all the circumstances of the case provide sufficient reasons under R.R. 4:62-2(f) to compel this court to permit the defenses raised by the defendant corporation to be heard on their merits.
The motion must be granted.