523 P.2d 815

**Bernie MARQUEZ, Plaintiff-Appellant,**

v.

**TOME LAND AND IMPROVEMENT COMPANY, INC., a (N.S.L.) corporation, Defendant-Appellee.**

**No. 1392.**

Court of Appeals of New Mexico.

June 5, 1974.

Donald C. Turpen, Turpen, Hunt & Booth, Albuquerque, for plaintiff-appellant.

Robert D. Montgomery, Ahern & Montgomery, Albuquerque, for defendant-appellee.

## OPINION

SUTIN, Judge.

Plaintiff Bernie Marquez appeals from an order of the trial court entered August 14, 1973. The order denied the motions made by this plaintiff because a complaint filed by him and two other plaintiffs had been dismissed with prejudice by a previous court's order in January, 1970. The previous court's order was entered January 8, 1970.

On November 18, 1968, Perfecto Barela, Jose L. Vallejos, administrator, and Bernie Marquez filed a complaint in Valencia County against defendant in separate causes of action. Defendant answered.

On August 26, 1969, a settlement hearing was held before the Honorable D. A. Macpherson, Jr., District Judge of District Two. The defendant questioned Barela and Vallejos, under oath, to affirm a stipulation of settlement between these plaintiffs and defendant.

On January 8, 1971, Judge Macpherson entered an order:

(1) "That the settlement stipulation between the parties ought to be and is hereby approved." The parties were Barela, Vallejos and defendant.

(2) Thereafter, the words of the order changed from "parties" to "plaintiffs" and ordered compliance with the settlement.

(3) The order concluded:

That, on account of, and in consideration of said settlement stipulation among the parties hereto, hereby approved by this court, Plaintiffs complaint is hereby dismissed with prejudice.

This order was approved by the attorneys for plaintiffs and defendant. No appeal was taken from this judgment.

On March 14, 1973, two years after Judge Macpherson's order, plaintiff moved the court for summary judgment, judgment by default and to set the case for trial at the earliest convenience of the court.

On March 29, 1973, plaintiff served notice that the cause had been set for hearing on April 10, 1973, on plaintiff's motions before the Honorable Filo M. Sedillo, District Judge of Valencia County because Valencia County had then become a district separate from District Two.

During argument on the motions, Judge Macpherson's order of dismissal on January 8, 1971, supra, was raised. Defendant contended the whole case had been dismissed. Plaintiff offered for the record, the transcript of the settlement proceedings but the trial court denied consideration of it. The court believed that if Judge Macpherson made a mistake, he signed the order and it could not be changed; that plaintiff had a duty to file a motion to set the order aside or have it modified.

On July 23, 1973, plaintiff gave notice of a hearing on August 14, 1973, "on form of order." We find no record of any proceedings on that date except entry of the order.

The trial court entered its order "that said motions are denied because they are not properly before the Court, the complaint on file herein having been dismissed with prejudice by the Court's order of January, 1970."

Judge Macpherson's order was final. "A motion to alter or amend the judgment shall be served not later than ten [10] days after entry of the judgment." Section 21-1-1(59)(e), N.M.S.A.1953 (Repl. Vol. 4). No such motion was filed.

On motion, and upon such terms as are just, the trial court could have relieved plaintiff Marquez from a final order for mistake, inadvertence, surprise, or excusable neglect, provided the motion was made not more than one year after the order was entered. The court could have relieved plaintiff Marquez for "any other reason justifying relief from the operation of the judgment", provided the motion was filed within a reasonable time. Section

21–1–1(60)(b), N.M.S.A.1953 (Repl. Vol. 4). Plaintiff filed no such motions.

Rule 60(b), supra, provides further:

This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding * * *.

Plaintiff relies on Rule 54(b) [§ 21–1–1(54)(b), N.M.S.A.1953 (Repl. Vol. 4)]. This rule involves judgment upon multiple claims or involving multiple parties. This rule is not applicable because the Macpherson final order did not affect "one [1] or more but fewer than all of the claims . . ." nor did it adjudicate "all issues as to one [1] or more, but fewer than all parties." It dismissed plaintiffs' complaint with prejudice. This covered all the claims of all the parties. We cannot look beyond the order to the record. Hollingsworth v. Hicks, 57 N.M. 336, 258 P.2d 724 (1953).

Other contentions of plaintiff Marquez are without merit.

Affirmed.

It is so ordered.

HENDLEY and LOPEZ, JJ., concur.