607 P.2d 123

**R. D. HUBBARD, Plaintiff-Appellant,**

v.

**G. B. HOWELL, a/k/a James Howell, Defendant-Appellee.**

No. 12321.

Supreme Court of New Mexico.

Feb. 12, 1980.

Modrall, Sperling, Roehl, Harris & Sisk, George T. Harris, Jr., Albuquerque, Walter R. Parr, Las Cruces, for plaintiff-appellant.

Martin, Martin, Lutz & Cresswell, William L. Lutz, Las Cruces, for defendant-appellee.

## OPINION

EASLEY, Justice.

Appellant Hubbard sued in Dona Ana County to enforce a judgment lien against appellee, Howell, based on a judgment out of Santa Fe District Court. The trial court held for Howell and Hubbard appeals. We reverse.

There are three issues: (1) whether the Santa Fe court had subject matter jurisdiction to enter judgment on Hubbard's third-party claim against Howell; (2) whether the dismissal of the Santa Fe suit with prejudice vitiates the default judgment entered pursuant to the suit but prior to its dismissal; and (3) whether Howell can attack the Santa Fe default judgment in the Dona Ana County collateral action.

The facts are not in dispute. The plaintiff law firm in the first suit sued Hubbard in Santa Fe County for legal fees. Hubbard filed a third-party complaint against Howell for contribution, alleging that Howell had agreed to pay one-half of the legal fees. Howell was served with a third-party complaint but failed to appear. Default judgment was entered in favor of Hubbard on his third-party complaint and against Howell. Later the plaintiff law firm and

Hubbard reached a settlement and an order was entered dismissing the Santa Fe County plaintiff's cause of action against Hubbard with prejudice. Howell did not appeal the default judgment or seek to vacate it.

In the second suit in Dona Ana County, Hubbard sought to enforce the judgment lien resulting from the default judgment entered in the first suit. Howell defended against this suit by claiming that the Santa Fe County court lacked personal jurisdiction over him, which made its default judgment against him void. He also urged that the dismissal of the first suit with prejudice voided the judgment against him that was entered before the dismissal. Both parties moved for summary judgment.

The Dona Ana County court did not address either issue raised by Howell. Rather, it held that, under third-party practice rules, the Santa Fe court did not have subject matter jurisdiction to enter judgment against Howell because the liability of Hubbard had not been determined at the time of the entry of that judgment. The court held the default judgment entered in the Santa Fe suit void. It granted Howell's motion for summary judgment. Hubbard is appealing this decision.

■ First, we do not agree with the Dona Ana court that the Santa Fe court did not have jurisdiction to enter judgment against Howell. Rule 55 of the N.M.R. Civ.P., N.M.S.A.1978, permits default judgments to be entered against third-party defendants. Whether a default judgment should be granted rests within the discretion of the trial court. *Gallegos v. Franklin*, 89 N.M. 118, 547 P.2d 1160 (Ct.App. 1976). Although a judgment for contribution is generally not proper until the party seeking the contribution has paid more than his share of the common obligation, we do not feel the Santa Fe trial court abused its discretion here in entering a default judgment against Howell. *See Board of Education, School District 16 v. Standhardt*, 80 N.M. 543, 458 P.2d 795 (1969); § 41–3–2, N.M.S.A.1978.

From the record, it appears that the suit between Hubbard and the law firm was settled only after Hubbard agreed to pay the firm Howell's share of the legal fees due and after Hubbard was assured of being compensated for paying these fees by the default judgment entered against Howell. The trial court encouraged this settlement by entering the default judgment against Howell who, in effect, admitted his liability to the law firm by defaulting in the suit. *Gallegos v. Franklin, supra.*

■ Howell claims that the dismissal of the Santa Fe suit with prejudice, after the settlement had been reached, vitiates the default judgment. Although Howell cites to numerous cases for support, none of them involves the precise situation in the case at bar. The dismissal with prejudice clearly only went to the law firm's suit against Hubbard. *See Chalmers v. Hughes*, 83 N.M. 314, 491 P.2d 531 (1971); *Marquez v. Tome Land & Improvement Company, Inc.*, 86 N.M. 317, 523 P.2d 815 (Ct.App. 1974). Since it is clear from the record that these parties settled and dismissed the suit as a result of the default judgment entered against Howell, we hold that the dismissal with prejudice did not vitiate the default judgment. *See Fehlhaber v. Indian Trails, Inc.*, 425 F.2d 715 (3rd Cir. 1970); *Paliaga v. Luckenback Steamship Company*, 301 F.2d 403 (2d Cir. 1962).

Howell claims that the Santa Fe court lacked personal jurisdiction over him, which renders the default judgment against him void. Hubbard asserts that the judgment is conclusive concerning the parties' rights and cannot now be collaterally attacked by Howell. We agree with Hubbard.

■ As the Court of Appeals recently stated, our general rule is that a judgment is not subject to collateral attack where the court had jurisdiction of the subject matter and of the parties; it must appear affirmatively on the judgment roll that the court lacked jurisdiction. *Royal Intern Optical v. Texas State Optical*, 92 N.M. 237, 586 P.2d 318 (Ct.App.1978). Howell does not allege that he was not served with process or that he was misled by the discrepancy in his name as it appeared in the summons and

third-party complaint. We hold that such an irregularity does not provide the basis for a collateral attack based on lack of personal jurisdiction. *See Magevney v. Karsch*, 167 Tenn. 32, 65 S.W.2d 562 (1933); *Andes v. Boyajian*, 12 N.J.Super. 344, 79 A.2d 503 (1951); *Hull v. Gamblin*, 241 A.2d 739 (D.C.App.1968).

We reverse the trial court and remand for proceedings not inconsistent with this opinion.

IT IS SO ORDERED.

PAYNE, FEDERICI and FELTER, JJ., concur.

SOSA, C. J., respectfully dissents.